**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------------x
                                    :

| | |
|---|---|
| In re: | :    Chapter 11 |
| | : |
| HO WAN KWOK, *et al.*,[1] | :    Case No. 22-50073 (JAM) |
| | : |
|                Debtors. | :    (Jointly Administered) |
| | : |

---------------------------------------------------------------x
                                      :

| | |
|---|---|
| LUC A. DESPINS, CHAPTER 11 TRUSTEE, | : |
| | : |
| | :    Adv. Proceeding No. 23-05013 (JAM) |
|                Plaintiff, | : |
| v. | : |
| | : |
| | : |
| HCHK TECHNOLOGIES, INC., | : |
| HCHK PROPERTY MANAGEMENT, INC., | : |
| LEXINGTON PROPERTY AND STAFFING, INC., | : |
| HOLY CITY HONG KONG VENTURES, LTD., | : |
| ANTHONY DIBATTISTA, YVETTE WANG, | : |
| and BRIAN HOFMEISTER (in his capacity | : |
| as assignee), | : |
| | : |
|                Defendants. | : |

---------------------------------------------------------------x

**CHAPTER 11 TRUSTEE'S MOTION, PURSUANT TO BANKRUPTCY RULE 9019,
REGARDING SETTLEMENT WITH ASSIGNEE OF HCHK ENTITIES UNDER
<u>NEW YORK COURT ASSIGNMENT PROCEEDINGS</u>**

       Luc A. Despins, in his capacity as the chapter 11 trustee (the "<u>Trustee</u>") appointed in the

chapter 11 case (the "<u>Chapter 11 Case</u>") of Ho Wan Kwok (the "<u>Debtor</u>" or "<u>Kwok</u>"), plaintiff in

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

the above-captioned adversary proceeding, hereby submits this motion (the "Motion"),[2] pursuant

to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and

Rule 9019-1(a) of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy

Court District of Connecticut (the "Local Rules"), for entry of an order, substantially in the form

attached hereto as **Exhibit 1** (the "Proposed Order") approving and setting forth the terms of the

settlement agreement (the "Settlement Agreement") reached between (a) the Trustee and (b)

Brian Hofmeister, in his capacity as assignee of the HCHK Entities[3] and defendant in the above-

captioned adversary proceeding (the "Assignee" and, together with the Trustee, the "Parties").[4]

In support of this Motion, the Trustee respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157

and 1334 and the *Standing Order of Reference* from the United States District Court for the

District of Connecticut.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are Bankruptcy Rule 9019(a) and Local

Rule 9019-1(a).

---

[2]     Capitalized terms used but not defined in this Motion have the meanings set forth in the *Complaint of Chapter 11 Trustee for Estate of Ho Wan Kwok Pursuant to Sections 105, 362, 363, 541, 542, 544, and 549 of the Bankruptcy Code Seeking (I) Declaratory Judgment that HCHK Technologies, Inc., HCHK Property Management, Inc., and Lexington Property and Staffing, Inc. are (A) Alter Egos of Debtor; or, (B) in the Alternative, an Order that Debtor Equitably Owns Such Entities and/or Their Property; and (II) Injunctive Relief* [Adv. Proc. 23-05013, Docket No. 1] (the "Complaint").

[3]     As defined in the Complaint, and referring collectively to (a) HCHK Technologies, Inc. ("HCHK Technologies"); (b) HCHK Property Management, Inc. ("HCHK Property"); and (c) Lexington Property and Staffing, Inc. ("Lexington Property").

[4]     References herein to the "Parties," "Trustee," and "Assignee" include the respective attorneys, advisors, and/or professionals of the Parties, as applicable.

## BACKGROUND

### I.   New York Court Assignment Proceedings

4.      On April 20, 2023, the HCHK Entities executed Deeds of Assignment purporting to assign all of their assets to the Assignee, and on April 25, 2023, the Deeds of Assignment were filed with the clerk of the Supreme Court of the State of New York for New York County (the "New York Court").

5.      Under the Deeds of Assignment, the Assignee is given the power to, among other things, "settle any and all claims against or in favor of Assignor, with the full power to compromise, or, in Assignee's sole discretion, to sue or be sued, and to prosecute or defend any claim or claims of any nature whatsoever existing in favor of Assignor."[5]

6.      In May 2023, the Assignee filed Assignee Affidavits and related documents with respect to the HCHK Entities in the New York Court, which issued orders to show cause why the Assignment Proceedings should not be commenced with respect the HCHK Entities, setting objection deadlines and hearing dates with respect to each of the HCHK Entities for June 2023.

7.      On May 31, 2023, in the Assignment Proceeding with respect to HCHK Technologies, the Assignee submitted to the New York Court a verified petition (the "Application") seeking entry of an order authorizing and approving his entry into an Interim Management Agreement ("IMA") with G-News Operations, LLC ("GNews").  Shortly thereafter, the New York Court entered an order setting a June 12, 2023 objection deadline and a June 14, 2023 hearing date with respect to the Application.

---

[5]     Ex. 13 to Complaint, HCHK Technologies Aff., Ex. B, Deed of Assignment for the Benefit of Creditors ¶ 4(f); Ex. 17 to Complaint, Lexington Property Aff., Ex. B, Deed of Assignment for the Benefit of Creditors ¶ 4(f); Ex. 18 to Complaint, HCHK Property Aff., Ex. B, Deed of Assignment for the Benefit of Creditors ¶ 4(f).

## II.    <u>Trustee Commences Adversary Proceeding</u>

8.    On June 8, 2023, the Trustee filed the Complaint, commencing the above-captioned adversary proceeding (the "<u>Adversary Proceeding</u>").  The Complaint seeks declaratory rulings that the HCHK Entities are alter egos of, or such entities and/or their assets are equitably owned by, the Debtor and, in addition, seeking an injunction against any commencement or continuation of the Assignment Proceedings.  The Trustee also filed, on June 8, 2023, an emergency *ex parte* motion [Adv. Proc. 23-05013, Docket No. 4] (the "<u>TRO Motion</u>") for a temporary restraining order (a "<u>TRO</u>"), and, on June 9, 2023, a supplemental emergency *ex parte* TRO motion related to the Application and IMA with G-News.  [Adv. Proc. 23-05013, Docket No. 14].

9.    On June 12, 2023, the Court entered its *Order Granting in Part Emergency* Ex Parte *Motion for Temporary Restraining Order and Preliminary Injunction* [Adv. Proc. 23-05013, Docket No. 18] (the "<u>TRO Order</u>").  Among other things, the TRO Order stated that:

> (i) the Defendants; (ii) the Defendants' officers, agents, servants, employees, and attorneys; and (iii) any person in active concert or participations with the Defendants and/or the Defendants' officers, agents, servants, employees, and attorneys including, without limitation, G-News Operations, LLC ("G-News") and Ms. Irene Feng, are temporarily restrained and enjoined from commencing or continuing the Assignment Proceedings (or any other judicial, administrative, or other actions or proceedings with respect to the HCHK Entities and/or their assets), including the Interim Management Agreement ("IMA") with G-News[6]

10.    The TRO Order also set forth a litigation schedule with respect to the TRO Motion, including a deadline of June 23, 2023 for objections and lists of witnesses and exhibits, a deadline of June 24, 2023 for any reply in support of the TRO Motion, and a hearing date of June 26, 2023.

---

[6]    TRO Order, at 14-15.

### III.    Settlement Agreement Between Trustee and Assignee[7]

11.    Following the entry of the TRO Order, the Trustee and the Assignee engaged in extensive good faith discussions with respect to the issues raised in the Complaint and TRO Motion.  As a result of these discussions, the Parties reached the Settlement Agreement, which is designed to accomplish both (1) the immediate transfer, on an interim basis and pending the outcome of the Adversary Proceeding, of over $38 million of the HCHK Entities' cash, currently held in accounts controlled by the Assignee, into accounts controlled by the Trustee, and (2) the comprehensive resolution of the open issues between the Parties.  Critically, the Settlement Agreement will also, by resolving the open issues between the Trustee and the Assignee, open the door towards a relatively quick and inexpensive resolution of this Adversary Proceeding in favor of the estate on the Trustee's alter ego claims.  This is because the Settlement Agreement ensures that the Assignee will not oppose the relief sought by the Trustee, and the Trustee reserves the right to challenge the standing of any other party that attempts to oppose the Trustee's claims.

12.    The Settlement Agreement contemplates that the Assignee will take various actions, set forth in the Proposed Order, that would otherwise be enjoined under the existing TRO Order.  As such, the Proposed Order expressly modifies the terms of the TRO Order so as to effect the Settlement Agreement.   The Settlement Agreement, as memorialized in the Proposed Order, contemplates the resolution of all issues between the Parties in three stages, described below:

---

[7] To the extent of any inconsistencies between the summary description of the Settlement Agreement in this Motion and the terms and conditions of the Settlement Agreement as set forth in the Proposed Order, the terms of the Proposed Order shall control.

### a. **Stage One of Settlement Agreement**

13.     In the initial stage of the Settlement Agreement, the Assignee has agreed that he will, pursuant to the attached Proposed Order, promptly transfer all the funds of the HCHK Entities within the Assignee's control, including cash deposited in accounts at ConnectOne Bankcorp., Inc., in the approximate amount of $38,835,734.27 (the "HCHK Funds," and such transfer, the "Initial HCHK Funds Transfer"), to segregated custodial accounts controlled by the Trustee at a financial institution (the "Trustee Accounts"), where such funds may be invested in treasury securities with a maximum maturity of six months and held on an interim basis pending this Court's ruling on the alter ego and/or equitable ownership causes of action set forth in the Complaint (any such ruling by this Court, a "Dispositive Ruling").  For the avoidance of doubt, pending the issuance of a Dispositive Ruling, the Trustee will not be authorized to use the HCHK Funds for any purpose other than as set forth in the Proposed Order.

14.     Relatedly, the Assignee has agreed that he will, pursuant to the attached Proposed Order, make available to the Trustee all non-privileged corporate records (including in electronic form) and other documents pertaining to the HCHK Entities in the possession of the Assignee.

15.     The Assignee has also agreed that he will, pursuant to the attached Proposed Order, take no position and file no pleadings with respect to the relief sought by the Trustee in (a) the Complaint, (b) the TRO Motion, or (c) any motion for summary judgment, for judgment on the pleadings, for a default judgment, or other dispositive judgment (each, a "Dispositive Motion") filed in this Adversary Proceeding, as long as such Dispositive Motion is consistent with the settlement set forth herein and that appropriate notice of the requested relief is provided. Moreover, the Assignee has agreed that he will not oppose, or assist any party opposing, the

6

relief sought in the Adversary Proceeding or any pleadings filed therein, will not assign to anyone his rights under the Deeds of Assignment, and will not agree to modify any such rights.

16.     The Parties have also agreed that, pursuant to the Proposed Order, the entry of the Proposed Order and the occurrence of the Initial HCHK Funds Transfer will be without prejudice to the rights of any party (other than the Assignee) to file pleadings and take positions in connection with the Adversary Proceeding, including by opposing a Dispositive Motion, subject to standing requirements, and that all rights of the Trustee to oppose any party, including by challenging such party's standing, will be reserved.

   **b.   <u>Stage Two of Settlement Agreement</u>**

17.     In the second stage of the Settlement Agreement, the Parties have agreed that, following the entry of the Proposed Order and the occurrence of the Initial HCHK Funds Transfer, the Assignee will be authorized under the Proposed Order, solely pursuant to the terms of the Settlement Agreement and for the sole purpose of implementing the Settlement Agreement, to take certain actions with respect to the Assignment Proceedings and the HCHK Entities (the "<u>Authorized Assignee Actions</u>").

18.     The Authorized Assignee Actions will consist of (1) the Assignee seeking relief from the New York Court, subject to the review and prior approval of the Trustee, with respect to (a) the commencement of the Assignment Proceedings; (b) the approval of the retention of the Assignee's counsel Cole Schotz P.C. and McManimon, Scotland & Baumann, LLC; (c) the approval of the retention of the Assignee's financial advisor, DLA, LLC; (d) the approval of retention of the Assignee's appraiser, A. Atkins Appraisal Corp., (e) the procedural consolidation and joint administration of the Assignment Proceedings; and (f) the approval of the Assignee's efforts to secure the HCHK Entities' funds by opening accounts with ConnectOne Bankcorp,

Inc. and depositing such funds across multiple accounts so that the funds in each account are within the federally-insured limit of $250,000; and (g) the discharge of the Assignee and the closing of the Assignment Proceedings; (2) the Assignee's termination of the IMA with G-News and withdrawal of the Application filed in the New York Court with respect to the IMA with G-News; (3) the Assignee's continued administration of the HCHK Entities pending a Dispositive Ruling, subject to the prior approval of the Trustee, including by (a) securing leased premises of the HCHK Entities at 3 Columbus Circle, in New York, New York (the "Columbus Circle Offices"), as well as the assets of the HCHK Entities located therein (the "Columbus Circle Assets"); (b) notifying the landlord and/or sublandlord of the Columbus Circle Offices of the intention to vacate, when appropriate; (c) arranging for the storage and/or disposition of the Columbus Circle Assets; (d) complying with subpoenas issued by the United States Department of Justice; (e) securing the HCHK Entities' books, records, and other material stored on company devices pending a Dispositive Ruling; (f) cancelling security and utility services at the Columbus Circle Offices; and (g) addressing payroll and termination issues related to the HCHK Entities' three remaining employees and any employee plans; and (4) such other actions as the Trustee and Assignee agree are reasonable and necessary to effectuate the Settlement Agreement, the preservation and transition of the HCHK Entities' assets to the Trustee, and conclusion of the Assignment Proceedings.  The Trustee may advance to the Assignee a portion of the HCHK Funds from the Trustee's Accounts in connection with funding Authorized Assignee Actions, from which the Assignee may pay expenses (other than certain professional fees and expenses discussed below) associated with the Authorized Assignee Actions subject to the approval of the Trustee.

19.    With respect to the Authorized Assignee Actions, the Parties understand and agree that any relief granted by the New York Court in connection with the Assignment Proceedings will not be binding on this Court with respect to any payment to the Assignee's professionals or the Assignee himself under the Settlement Agreement, which will be determined solely by this Court in connection with the third, final stage of the Settlement Agreement, discussed below.

      c.    **Stage Three of Settlement Agreement**

20.    In connection with the third and final stage of the Settlement Agreement, the Trustee has agreed that, in the event the Court issues a Dispositive Ruling in favor of the Trustee, the Trustee will pay from the Trustee Accounts, as a settlement payment pursuant to section 363 of the Bankruptcy Code (and subject to the Trustee's review of documentation supporting the Assignee's professionals' fees), the following amounts payable to the Assignee and his professionals: (1) with respect to the Assignee, an amount of $550,000.00; (2) with respect to Cole Schotz P.C. ("Cole Schotz"), an amount equal to the reasonable fees and expenses incurred by Cole Schotz in connection with the preparation and prosecution of the Assignment Proceedings since March 22, 2023 through filing of the Motion, which amount will be no greater than $400,000.00; (3) with respect to McManimon, Scotland & Baumann, LLC ("MSB"), an amount equal to the reasonable fees and expenses incurred by MSB, as proposed counsel to the Assignee, since April 20, 2023 through the filing of the Motion, which amount will be no greater than $75.000.00; (4) with respect to A. Atkins Appraisal Corp., an amount of $7,800.00; (5) with respect to DLA, LLC ("DLA"), an amount equal to the reasonable fees and expenses incurred by DLA, as proposed financial advisor to the Assignee, since May 1, 2023 through the filing of the Motion, which amount will be no greater than $155,000.00; and (6) with respect to each of Cole

Schotz, MSB and DLA, an amount equal to the incremental reasonable fees and expenses

incurred, by each firm from and after the filing of the Motion, subject to the Trustee's approval

of such fees and expenses prior to their incurrence, in connection with Authorized Assignee

Actions..

21.     Other key terms of the Settlement Agreement are (1) an injunction (the

"Channeling Injunction") under which, in the event the Court issues a Dispositive Ruling in

favor of the Trustee, all creditors and/or equity holders of the HCHK Entities will be barred and

enjoined and restrained from commencing, prosecuting or asserting any request, claim, or cause

of action, including but not limited to, causes of action for contribution or indemnification,

however denominated, against the Assignee, and specifically precluding any claims against the

Assignee with respect to any matter relating to the Settlement Agreement or Proposed Order,

except as raised through the appropriate pleading filed in this Court; and (2) the exculpation (the

"Exculpation") of the Assignee with respect to any liability to any person or entity for any act

taken or omitted to be taken in connection with, relating to, or arising out of, (a) the Assignment

Proceedings; (b) this Adversary Proceeding; (c) the Settlement Agreement; and (d) formulating,

negotiating, preparing, disseminating, implementing, or effecting consummation of this Motion

and the Proposed Order (other than an act in contravention of this Motion or the implementation

of the Proposed Order) or any contract, instrument, release, agreement or document created or

entered into, or any other act taken or omitted to be taken in good faith, in connection with the

Assignment Proceedings, this Adversary Proceeding, the Settlement Agreement, this Motion,

and the Proposed Order; *provided*, *however*, that the foregoing will not affect the liability of any

person or entity that otherwise would result from any such act or omission to the extent such act

or omission is determined by a final order to have constituted fraud, willful misconduct or gross

negligence.  The Channeling Injunction and Exculpation are necessary elements of the Settlement Agreement to ensure global peace and the avoidance of a multiplicity of litigation in other fora.

22.    Finally, in the event of a final order against the Trustee on both the alter ego and equitable ownership claims, the Trustee will promptly return the HCHK Funds in his control to the Assignee.

## IV.    Notice of Entry of Proposed Order to Assignment Proceedings Notice Parties

23.    Pursuant to the Settlement Agreement, notice of the entry of the Proposed Order will be provided to all parties in interest in the Assignment Proceedings, including, but not limited to, the HCHK Entities and all creditors of the HCHK Entities (collectively, the "Assignment Proceedings Notice Parties"), through the filing by the Assignee in the New York Court of a notice with respect to the Proposed Order prepared by the Assignee (the "Settlement Order Notice") and the service of such notice on the Assignment Proceedings Notice Parties.  A copy of the form Settlement Order Notice is attached to the Proposed Order as **Exhibit A** thereto.

## RELIEF REQUESTED

24.    By this Motion, the Trustee seeks entry of an order pursuant to Bankruptcy Rule 9019(a) approving the Settlement Agreement in its entirety and authorizing the Parties to enter into and implement the Settlement Agreement in accordance with the terms thereof.

## BASIS FOR THE RELIEF REQUESTED

## I.    Standard for Approving the Settlement Agreement

25.    To approve a compromise and settlement under Bankruptcy Rule 9019, a bankruptcy court should find that the compromise and settlement is fair and equitable,

reasonable, and in the best interests of the debtor's estate. *See, e.g., Air Line Pilots Ass'n, Int'l v. Am. Nat'l Bank & Tr. Co. of Chi. (In re Ionosphere Clubs, Inc.),* 156 B.R. 414, 426 (S.D.N.Y. 1993.), *aff'd,* 17 F.3d 600 (2d Cir. 1994) (citations omitted); *In re Enron Corp.,* No. 02 Civ. 8489(AKH), 2003 WL 230838, at *2 (Bankr. S.D.N.Y. Jan. 31, 2003). The decision to approve a particular settlement lies within the sound discretion of the bankruptcy court. *See Nellis v. Shugrue*, 165 B.R. 115, 122-23 (S.D.N.Y. 1994).

26.     Importantly, the "settlement need not be the best that the debtor could have obtained." *In re Adelphia Commc'ns Corp.*, 327 B.R. 143, 159 (Bankr. S.D.N.Y. 2005) (citing *In re Penn Cent. Transp. Co.*, 596 F.2d 1102, 1114 (3d Cir. 1979)). Instead, the court needs only "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *Id.* (citing *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983)). In deciding whether a particular settlement falls within the "range of reasonableness," courts consider the following factors:

> (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and delay" . . .; (3) the "paramount interests of the creditors," including each affected class's relative benefits "and the degree to which creditors either do not object to or affirmatively support the proposed settlement"; (4) whether other parties in interest support the settlement; (5) the "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the bankruptcy court judge" reviewing, the settlement; (6) "the nature and breadth of releases to be obtained by officers and directors"; and (7) "the extent to which the settlement is the product of arm's length bargaining."

*Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 462 (2d Cir. 2007) ("*Iridium*").

## II.     Settlement Agreement Should Be Approved

27.     The Settlement Agreement is an excellent outcome for the chapter 11 estate and, by extension, the Debtor's creditors, and it is fair and reasonable under the circumstances and in

light of the applicable *Iridium* factors.

28.    The benefits to the estate from the Settlement Agreement are significant:

a.    Pursuant to the Initial HCHK Funds Transfer, over $38 million in cash will immediately be transferred, on an interim basis, to the Trustee's Accounts, pending a Dispositive Ruling in the Adversary Proceeding.

b.    The Settlement Agreement resolves all open issues between the Trustee and the Assignee.

c.    Because the Settlement Agreement ensures that the Assignee will not oppose the relief sought by the Trustee, the Settlement Agreement is likely to assist the Trustee in his efforts to successfully resolve the Adversary Proceeding given the lack of standing by other parties that might seek to oppose the Trustee's claims. The Settlement Agreement explicitly reserves the Trustee's ability to challenge the standing of other parties.

d.    The Settlement Agreement provides for the continued administration by the Assignee of the HCHK Entities, the Columbus Circle Offices, and the Columbus Circle Assets, lessening the Trustee's administrative burden.

29.    Moreover, there is very little cost or disadvantage to the chapter 11 estate imposed by the Settlement Agreement.

a.    The Settlement Agreement allows the Assignee to take certain Authorized Assignee Actions, including seeking limited relief in the New York Court, but his New York Court filings will be subject to the review and prior approval of the Trustee, and will only be used to comply with procedural requirements in the Assignment Proceedings in furtherance of the Settlement Agreement.  Moreover,

13

the Parties understand and agree that New York Court rulings do not bind this Court on matters within this Court's jurisdiction, such as the payment of professional fees from estate funds.

b. The Settlement Agreement provides that, in conjunction with obtaining a Dispositive Ruling in favor of the Trustee, the Trustee will be authorized and directed to pay, as a settlement payment pursuant to section 363 of the Bankruptcy Code, amounts payable to the Assignee and his professionals, subject also to the Trustee's review of the underlying documentation supporting such professionals' fees. These amounts are modest given the benefits of the Settlement Agreement to the estate and are subject to strict caps. Moreover, these are payments for value given that the Assignee and his professionals will be providing the estate with valuable administrative services, as noted above.

30.     The Settlement Agreement meets all the relevant *Iridium* factors in resounding fashion, providing significant immediate and future benefits to the estate and its creditors, in particular, the potential to "short-circuit" what could otherwise be time consuming and expensive Adversary Proceeding litigation. The Settlement Agreement was reached between the Trustee and the Assignee, who controls all of the HCHK Entities' assets and rights under the Deeds of Trust. Each side of the negotiation was composed of fiduciaries (the Trustee and the Assignee) assisted by experienced counsel and at arm's length. The Settlement Agreement contains no releases of officers and directors.

31.     Moreover, the Channeling Injunction and Exculpation are key terms of the Settlement Agreement, required by the Assignee, that are warranted and appropriate under Bankruptcy Rule 9019 and section 105 of the Bankruptcy Code. Notably, the Channeling

Injunction and Exculpation only take effect in the event that the Court issues a Dispositive

Ruling under which the HCHK Entities and/or their assets are added to the chapter 11 estate

(and, as such, are within this Court's subject matter jurisdiction).

32.     Put simply, the Settlement Agreement is a positive development for the chapter

11 estate, and the Trustee believes the Settlement Agreement satisfies Bankruptcy Rule 9019 and

should be approved.

## NOTICE

33.     Notice of this Motion will be given to (i) the United States Trustee; (ii) the

Assignee; (iii) the Debtor; (iv) the official committee of unsecured creditors; (v) the Defendants;

(vi) by electronic filing utilizing the Court's electronic filing ("CM/ECF") system, to all

appearing parties who utilize the CM/ECF system; (vii) any party who requested notice in these

chapter 11 cases, but is unable to accept electronic filing as indicated on the Notice of Electronic

Filing; and (viii) through the filing by the Assignee in the New York Court of a notice with

respect to the 9019 Motion prepared by the Assignee (the "Settlement Motion Notice") and the

service of such notice on the Assignment Proceedings Notice Parties.[8]  The Trustee submits that,

under the circumstances, no other or further notice is required.

## NO PREVIOUS REQUEST

34.     No previous request for the relief sought herein has been made by the Trustee to

this or any other court.

---

[8]    A copy of the form Settlement Motion Notice is attached as an exhibit to the *Motion of Chapter 11 Trustee (I) to Expedite Hearing on, and (II) to Limit Service of, Chapter 11 Trustee's Motion, Pursuant to Bankruptcy Rule 9019, Regarding Settlement With Assignee of HCHK Entities Under New York Court Assignment Proceedings* (the "Motion to Expedite and Limit Service"), filed concurrently herewith together with the related proposed order (the "Order Expediting Consideration and Limiting Service").  The Settlement Motion Notice will be served upon the Assignment Proceedings Notice parties upon its approval by the Court pursuant to the entry of the Order Expediting Consideration and Limiting Service.

[*Remainder of page intentionally left blank.*]

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests entry of the

Proposed Order granting the relief requested in the Motion and such other relief as is just and

proper.


Dated:    June 23, 2023                        LUC A. DESPINS,
          New Haven, Connecticut               CHAPTER 11 TRUSTEE

                                        By: */s/ Patrick R. Linsey*
                                            Patrick R. Linsey (ct29437)
                                            NEUBERT, PEPE & MONTEITH, P.C.
                                            195 Church Street, 13th Floor
                                            New Haven, Connecticut 06510
                                            (203) 781-2847
                                            plinsey@npmlaw.com

                                                *and*

                                            Nicholas A. Bassett (*pro hac vice* pending)
                                            PAUL HASTINGS LLP
                                            2050 M Street NW
                                            Washington, D.C., 20036
                                            (202) 551-1902
                                            nicholasbassett@paulhastings.com

                                                *and*

                                            Avram E. Luft (*pro hac vice* pending)
                                            Douglass Barron (*pro hac vice* pending)
                                            PAUL HASTINGS LLP
                                            200 Park Avenue
                                            New York, New York 10166
                                            (212) 318-6079
                                            aviluft@paulhastings.com

                                            *Counsel for the Chapter 11 Trustee*

## **EXHIBIT 1**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------x
                                         :

In re:                                  :    Chapter 11
                                           :

HO WAN KWOK, *et al.*,[1]            :    Case No. 22-50073 (JAM)
                                           :

                 Debtors.         :    (Jointly Administered)
                                           :

---------------------------------------------------------------x
                                           :

LUC A. DESPINS, CHAPTER 11   :
TRUSTEE,                       :
                                         :    Adv. Proceeding No. 23-05013 (JAM)
                Plaintiff,      :
v.                                :
                                         :

HCHK TECHNOLOGIES, INC.,    :
HCHK PROPERTY MANAGEMENT, INC., :
LEXINGTON PROPERTY AND STAFFING, INC.,:
HOLY CITY HONG KONG VENTURES, LTD.,  :
ANTHONY DIBATTISTA, YVETTE WANG, :
and BRIAN HOFMEISTER (in his capacity  :
as assignee),                   :
                                         :

                Defendants.    :
---------------------------------------------------------------x

**[PROPOSED] ORDER APPROVING, PURSUANT TO BANKRUPTYC RULE 9019,**
**CHAPTER 11 TRUSTEE'S SETTLEMENT WITH ASSIGNEE OF HCHK ENTITIES**
**UNDER NEW YORK COURT ASSIGNMENT PROCEEDINGS**

Upon the Motion,[2] of Luc A. Despins, in his capacity as the Chapter 11 Trustee (the

"Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case") of Ho Wan

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

Kwok (the "<u>Debtor</u>"), for entry of an order, approving a settlement agreement between the

Trustee and the Assignee, as more fully described in the Motion; and the Court having

jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C.

§§ 157 and 1334.

       1.       The Motion is GRANTED.

       2.       All objections to the Motion, if any, that have not been withdrawn, waived or

settled, and all reservations of rights included therein, are overruled.

       3.       The Settlement Agreement between the Trustee and the Assignee is approved

pursuant to Bankruptcy Rule 9019.

       4.       **<u>Modification of TRO Order</u>:**  The *Order Granting in Part Emergency* Ex Parte

*Motion for Temporary Restraining Order and Preliminary Injunction* [Adv. Proc. 23-05013,

Docket No. 18] (the "<u>TRO Order</u>") is hereby modified to the extent it enjoins any action set forth

herein.

       5.       **<u>Initial HCHK Funds Transfer.</u>**  Promptly following entry of this Order, the

Assignee[3] shall transfer the HCHK Funds to the Trustee Accounts, where such funds may be

invested in treasury securities with a maximum maturity of six months and held on an interim

basis pending the Dispositive Ruling in the Adversary Proceeding.  The HCHK Funds shall

constitute all the funds of the HCHK Entities within the Assignee's control, including cash

deposited in accounts at ConnectOne Bankcorp., Inc., in the approximate amount of

$38,835,734.27.  For the avoidance of doubt, pending the issuance of a Dispositive Ruling, the

---

[3]    References herein to the "Parties," "Trustee," and "Assignee" include the respective attorneys, advisors, and/or professionals of the Parties, as applicable.

Trustee shall not be authorized to use the HCHK Funds for any purpose other than as set forth herein.

6.      **Corporate Records.**  The Assignee shall immediately make available to the Trustee all non-privileged corporate records (including in electronic form) and other documents pertaining to the HCHK Entities in the possession of the Assignee.

7.      **Assignee to Take No Position in Adversary Proceeding.**  The Assignee shall take no position and file no pleadings with respect to the relief sought by the Trustee in (a) the Complaint, (b) the TRO Motion, or (c) any Dispositive Motion filed in the Adversary Proceeding, as long as such Dispositive Motion is consistent with the settlement set forth herein and that appropriate notice of the requested relief is provided.  Moreover, the Assignee shall not oppose, or assist any party opposing, the relief sought in the Adversary Proceeding or any pleadings filed therein, shall not assign to anyone his rights under the Deeds of Assignment, and shall not agree to modify any such rights.

8.      **No Prejudice.**  The entry of this Order and the occurrence of the Initial HCHK Funds Transfer shall be without prejudice to the rights of any party (other than the Assignee) to file pleadings and take positions in connection with the Adversary Proceeding, including by opposing a Dispositive Motion, subject to standing requirements; provided that, all rights of the Trustee to oppose any party, including by challenging such party's standing, shall be reserved.

9.      **Authorized Assignee Actions.**  Following the entry of this Order and the occurrence of the Initial HCHK Funds Transfer, the Assignee shall be authorized, solely pursuant to the terms of the Settlement Agreement and for the sole purpose of implementing the Settlement Agreement, to take certain Authorized Assignee Actions.  The Authorized Assignee Actions shall consist of (1) the Assignee seeking relief from the New York Court, subject to the

3

review and prior approval of the Trustee, with respect to (a) the commencement of the

Assignment Proceedings; (b) the approval of the retention of the Assignee's counsel Cole Schotz

P.C. and McManimon, Scotland & Baumann, LLC; (c) the approval of the retention of the

Assignee's financial advisor, DLA, LLC; (d) the approval of retention of the Assignee's

appraiser, A. Atkins Appraisal Corp., (e) the procedural consolidation and joint administration of

the Assignment Proceedings; and (f) the approval of the Assignee's efforts to secure the HCHK

Entities' funds by opening accounts with ConnectOne Bankcorp, Inc. and depositing such funds

across multiple accounts so that the funds in each account are within the federally-insured limit

of $250,000; and (g) the discharge of the Assignee and the closing of the Assignment

Proceedings; (2) the Assignee's termination of the IMA with G-News and withdrawal of the

Application filed in the New York Court with respect to the IMA with G-News; (3) the

Assignee's continued administration of the HCHK Entities pending a Dispositive Ruling, subject

to the prior approval of the Trustee, including by (a) securing the Columbus Circle Offices as

well as the Columbus Circle Assets; (b) notifying the landlord and/or sublandlord of the

Columbus Circle Offices of the intention to vacate, when appropriate; (c) arranging for the

storage and/or disposition of the Columbus Circle Assets; (d) complying with subpoenas issued

by the United States Department of Justice; (e) securing the HCHK Entities' books, records, and

other material stored on company devices pending a Dispositive Ruling; (f) cancelling security

and utility services at the Columbus Circle Offices; and (g) addressing payroll and termination

issues related to the HCHK Entities' three remaining employees and any employee benefit plans;

and (4) such other actions as the Trustee and Assignee agree are reasonable and necessary to

effectuate the Settlement Agreement, the preservation and transition of the HCHK Entities'

assets to the Trustee, and conclusion of the Assignment Proceedings.  The Trustee may advance

to the Assignee a portion of the HCHK Funds from the Trustee's Accounts in connection with funding Authorized Assignee Actions, from which the Assignee may pay expenses (other than professional fees and expenses which are governed by paragraph 11 below) associated with the Authorized Assignee Actions subject to the approval of the Trustee.

10.    **New York Court Orders Not Binding**:  Any relief granted by the New York Court in connection with the Assignment Proceedings shall not be binding on this Court with respect to issues within this Court's exclusive jurisdiction, such as the chapter 11 estate's payment to the Assignee's professionals or the Assignee himself under the Settlement Agreement.

11.    **Approval of Settlement Payment**:  In the event the Court issues a Dispositive Ruling in favor of the Trustee, the Trustee shall pay from the Trustee Accounts, as a settlement payment pursuant to section 363 of the Bankruptcy Code (and subject to the Trustee's review of documentation supporting the Assignee's professionals' fees), the following amounts payable to the Assignee and his professionals: (1) with respect to the Assignee, an amount of $550,000.00; (2) with respect to Cole Schotz P.C. ("Cole Schotz"), an amount equal to the reasonable fees and expenses incurred by Cole Schotz in connection with the preparation and prosecution of the Assignment Proceedings since March 22, 2023 through filing of the Motion, which amount shall be no greater than $400,000.00; (3) with respect to McManimon, Scotland & Baumann, LLC ("MSB"), an amount equal to the reasonable fees and expenses incurred by MSB, as proposed counsel to the Assignee, since April 20, 2023 through the filing of the Motion, which amount shall be no greater than $75.000.00; (4) with respect to A. Atkins Appraisal Corp., an amount of $7,800.00; (5) with respect to DLA, LLC ("DLA"), an amount equal to the reasonable fees and expenses incurred by DLA, as proposed financial advisor to the Assignee, since May 1, 2023

through the filing of the Motion, which amount shall be no greater than $155,000.00; and (6) with respect to each of Cole Schotz, MSB and DLA, an amount equal to the incremental reasonable fees and expenses incurred by each firm from and after the filing of the Motion, subject to the Trustee's approval of such fees and expenses prior to their incurrence, in connection with Authorized Assignee Actions.

12.    **Modification of Bar Date Order:**  In the event the Court issues a Dispositive Ruling in favor of the Trustee, the Trustee shall be authorized and directed to seek an amendment to this Court's bar date order to allow creditors (if any) of the HCHK Entities to file claims in the Debtor's chapter 11 case.

13.    **Channeling Injunction:**  In the event the Court issues a Dispositive Ruling in favor of the Trustee, all creditors and/or equity holders of the HCHK Entities shall be barred and enjoined and restrained from commencing, prosecuting or asserting any request, claim, or cause of action, including but not limited to, causes of action for contribution or indemnification, however denominated, against the Assignee, and in particular claims against the Assignee with respect to any matter relating to the Settlement Agreement or Proposed Order, except as raised through the appropriate pleading filed in this Court.  The Channeling Injunction is a necessary and reasonable element of the Settlement Agreement agreed upon in good faith, for value, and for the benefit of the chapter 11 estate.

14.    **Exculpation:**  In the event the Court issues a Dispositive Ruling in favor of the Trustee, the Assignee shall neither have, nor incur, any liability to any person or entity for any act taken or omitted to be taken in connection with, relating to, or arising out of, (a) the Assignment Proceedings; (b) this Adversary Proceeding; (c) the Settlement Agreement; and (d) formulating, negotiating, preparing, disseminating, implementing, or effecting consummation of

6

the Motion and this Order (other than an act in contravention of the Motion or the

implementation of this Order) or any contract, instrument, release, agreement or document

created or entered into, or any other act taken or omitted to be taken in good faith, in connection

with the Assignment Proceedings, this Adversary Proceeding, the Settlement Agreement, the

Motion, and this Order; *provided*, *however*, that the foregoing shall not affect the liability of any

person or entity that otherwise would result from any such act or omission to the extent such act

or omission is determined by a final order to have constituted fraud, willful misconduct or gross

negligence.

15.     **Return of HCHK Funds to Assignee:**  In the event of a final order against the

Trustee on both the alter ego and equitable ownership claims, the Trustee shall promptly return

the HCHK Funds in his control to the Assignee.

16.     **Approval of Notice of Order:**  The Court hereby approves the form Settlement

Order Notice, attached as **Exhibit A** hereto, to be served on the Assignment Proceedings Notice

Parties.

17.     This Order shall be effective and enforceable immediately upon entry pursuant to

Bankruptcy Rule 6004(h).

18.     This Court shall retain jurisdiction to hear and determine all matters arising from

or related to this Order.


Signed this __ day of _____, 2023

_____
Hon. Julie A. Manning
United States Bankruptcy Judge


7

**<u>EXHIBIT A</u>**

**Settlement Order Notice**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

------------------------------------------------------------------------x

In the Matter of the General Assignment for the    :
Benefit of Creditors of:    :
    :
HCHK TECHNOLOGIES, INC.,    :      Index No. 510008/2023
    :
               Assignor,    :
    :
   - to -    :
    :
BRIAN HOFMEISTER,    :
               Assignee.    :
    :
    :

------------------------------------------------------------------------x

## NOTICE OF ENTRY OF ORDER BY BANKRUPTCY COURT
## APRPOVING ASSIGNEE'S SETTLEMENT WITH CHAPTER 11 TRUSTEE

PLEASE TAKE NOTICE that on June 8, 2023, Luc A. Despins  (the "**Chapter 11 Trustee**"), in his capacity as the chapter 11 trustee appointed in the chapter 11 bankruptcy case of Ho Wan Kwok ("**Kwok**") pending in the United States Bankruptcy Court for the District of Connecticut (the "**Bankruptcy Court**") under Case No. 22-50073 (JAM) (the "**Chapter 11 Case**"), filed an adversary complaint (the "**Complaint**") in the Chapter 11 Case, under Adversary Proceeding No. 23-05013 (the "**Adversary Proceeding**"), against, among other defendants, HCHK Technologies, Inc. ("**HCHK Technologies**"), HCHK Property Management, Inc. ("**HCHK Property**"), Lexington Property and Staffing, Inc. ("**Lexington Property**," and together with HCHK Technologies and HCHK Property, the "**Assignors**"), and Brian Hofmeister, in his capacity as assignee for the benefit of creditors of the Assignors (the "**Assignee**"), seeking declaratory judgment that the Assignors are alter egos of, or such entities and/or their assets are equitably owned by, Kwok and, in addition, seeking an injunction against any commencement or continuation of the Assignors' assignment for the benefit of creditor proceedings (the "**Assignment Proceedings**");

PLEAST TAKE FURTHER NOTICE that on June 8, 2023, the Chapter 11 Trustee also filed an emergency *ex parte* motion seeking a temporary restraining order (the "**TRO Motion**"). On June 12, 2023, the Bankruptcy Court issued a temporary restraining order (the "**TRO**") which, *inter alia*, temporarily restrains and enjoins the Assignee from commencing or continuing the Assignment Proceedings (or any other judicial, administrative, or other actions or proceedings with respect to the Assignors and/or their assets);

PLEASE TAKE FURTHER NOTICE that, following extensive good faith negotiations and discussions, the Assignee and the Chapter 11 Trustee have reached a settlement agreement (the "**Settlement Agreement**") regarding the TRO and Adversary Proceeding, the terms of which are set forth in the Chapter 11 Trustee's motion seeking the Bankruptcy Court's approval of the

Settlement Agreement (the "**Settlement Approval Motion**"), which was filed in the Adversary Proceeding on June 23, 2023;

PLEASE TAKE FURTHER NOTICE that, following a hearing held in the Bankruptcy Court, on _____, 2023, the Bankruptcy Court entered an Order (the "**Settlement Order**"), a copy of which is attached hereto, granting the Settlement Approval Motion and approving the Settlement Agreement in all respects.[1]

Dated: New York, New York           COLE SCHOTZ P.C.
          June __, 2023


                                        By: _/s/ DRAFT_
                                            Warren A. Usatine
                                            Ryan T. Jareck
                                            Nolan E. Shanahan
                                            1325 Avenue of the Americas
                                            19th Floor
                                            New York, NY 10019
                                            (212) 752-8000

                                            *Proposed Counsel to Brian Hofmeister,*
                                            *Assignee*

TO:

This notice is being served upon all parties in interest, including, but not limited, to the assignors and all creditors, secured, general or otherwise, of the assigned estates by email, where known, and by first class mail to each party's last known address, where available.

---

[1] In the event of any inconsistency between the Settlement Order and this notice, the Settlement Order shall control.