**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------- x
                                                                 :
In re:                                                           :  Chapter 11
                                                                 :
HO WAN KWOK, *et al.*,[1]                                        :  Case No. 22-50073 (JAM)
                                                                 :
                         Debtors.                                :  (Jointly Administered)
                                                                 :
---------------------------------------------------------------- x
                                                                 :
LUC A. DESPINS, CHAPTER 11                                       :
TRUSTEE,                                                         :
                                                                 :  Adv. Proceeding No. 23-05013
                         Plaintiff,                              :
                                                                 :
v.                                                               :
                                                                 :
                                                                 :
HCHK TECHNOLOGIES, INC.,                                         :
HCHK PROPERTY MANAGEMENT, INC.,                                  :
LEXINGTON PROPERTY AND STAFFING, INC.,                           :
HOLY CITY HONG KONG VENTURES, LTD.,                              :
ANTHONY DIBATTISTA, YVETTE WANG,                                 :
and BRIAN HOFMEISTER (in his capacity                            :
as assignee),                                                    :
                                                                 :
                         Defendants.                             :
---------------------------------------------------------------- x

**REPLY OF CHAPTER 11**
**TRUSTEE FOR ESTATE OF HO WAN KWOK IN**
**SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST**
**HCHK TECHNOLOGIES, INC., HCHK PROPERTY MANAGEMENT, INC.,**
**LEXINGTON PROPERTY AND STAFFING, INC., HOLY CITY HONG**
**KONG VENTURES, LTD., ANTHONY DIBATTISTA, YVETTE WANG, AND**
<u>**BRIAN HOFMEISTER, IN HIS CAPACITY AS ASSIGNEE**</u>

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Luc A. Despins, as chapter 11 trustee (the "Trustee") for the estate of Ho Wan Kwok (the "Debtor"), hereby respectfully submits his reply (the "Reply") in support of the Trustee's *Motion for Default Judgment Against HCHK Technologies, Inc., HCHK Property Management, Inc., Lexington Property and Staffing, Inc., Holy City Hong Kong Ventures, Ltd., Anthony DiBattista, Yvette Wang, and Brian Hofmeister, in His Capacity as Assignee* [Adv. ECF No. 268] (the "Motion") and in response to the *Opposition to Motion for Default Judgment* [Adv. ECF No. 276] (the "Opposition") filed by the HCHKV Entities.[2]

## I. PRELIMINARY STATEMENT

1. The Court has already denied the HCHKV Entities' motion to vacate the entry of default against them, finding, among other things, that they defaulted on the Complaint willfully and failed to present a meritorious defense to the Trustee's claims. Back for another bite at the apple, the HCHKV Entities rehash the same failed arguments, contending that the Complaint fails to adequately allege that the HCHK Entities are the Debtor's alter egos and that the HCHK Entities' mere participation in the Debtor's "Movement" does not support an alter ego finding. The Court already rejected these meritless arguments once; it should do so again here.

2. The HCHKV Entities acknowledge, as they must, the Court's ruling in the HK International adversary proceeding, which confirmed the validity of the legal theory underlying the Trustee's alter ego claim. The Court reached the same conclusion as to the Trustee's alter ego claims against Lamp Capital and Golden Spring, two other shell companies the Debtor used to further his personal interests. In the face of this law of the case, the HCHKV Entities attempt to distinguish their status from that of the Debtor's other shell companies, arguing that they, unlike

---

[2] Capitalized terms not expressly defined herein adopt the definitions set forth in the Memorandum of Law in support of the Motion (the "Memorandum" or the "Memo.").

1

these other companies, have independent existence and are not the Debtor's alter egos. These efforts fail on a number of levels.

3. The primary problem with the HCHKV Entities' arguments is that they either ignore or severely mischaracterize the well pleaded allegations in the Trustee's Complaint—which under Second Circuit law are deemed admitted in the context of a motion for default judgment. These allegations readily demonstrate that the HCHK Entities, like HK International, Lamp Capital, and Golden Spring before them, are the Debtor's alter egos. They establish, among other things, that the HCHK Entities (i) operated at the Debtor's direction through his employees and known associates, including Yvette Wang and Anthony DiBattista, (ii) received funding from the Debtor, his associates, and other shell companies, (iii) operated out of the same location that carried out activities for the Debtor, and (iv) funded the Debtor's personal expenses and those of his family members, including those related to the Debtor's yachts and his aircraft. The HCHKV Entities also ignore the Complaint's allegation that HCHK Entities' ***own accounting firm understood that they "were indirectly owned by Miles Kwok,"*** and they seek to minimize the fact that the Debtor's attorney, Mr. Zhang—who has been sanctioned multiple times for filing frivolous litigation against the Trustee and others in these cases—acted as the principal point of contact for the HCHK Entities' counsel in this litigation.

4. Only by ignoring virtually all of these allegations can the HCHKV Entities argue with a straight face that the Trustee, with all inferences drawn in his favor, has failed to plausibly plead an alter ego or beneficial ownership claim on which relief may be granted.

5. The HCHKV Entities also assert legal challenges to the Trustee's claims, under the *Wagoner* and *in pari delicto* doctrines, but this Court has repeatedly rejected these arguments as applied to the Trustee's standing to bring alter ego claims, and they fare no better here.

2

6. For all of these reasons and those discussed below, the Court should reject this last gasp in a ten-month effort to interfere with the Trustee's performance of his duties by granting the Motion and entering judgment in the Trustee's favor.

## II. THE TRUSTEE'S WELL PLEADED FACTUAL ALLEGATIONS FAR EXCEED HIS BURDEN TO ASSERT PLAUSIBLE CLAIMS

7. In considering a motion for default judgment, the Court considers whether the factual allegations set forth as a basis for the motion would survive a challenge by way of a motion to dismiss for failure to state a claim under Civil Rule 12(b)(6). *S.E.C. v. Dang*, 2021 U.S. Dist. LEXIS 75209, 8-9 (D. Conn. Apr. 19, 2021). The Court must take the well-pleaded allegations of the Complaint as true. *See Hughes v. Rowe*, 449 U.S. 5, 10 (1980); *Bryant v. N.Y. State Educ. Dep't*, 692 F.3d 202, 208 (2d Cir. 2012); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002); *Tatum v. Oberg*, 650 F. Supp. 2d 185, 189 (D. Conn. 2009). The Court must also consider "matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

8. Under Civil Rule 8(a), made applicable by Bankruptcy Rule 7008, the complaint must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Despins, Ch. 11 Trustee v. Lamp Capital*, Memorandum of Decision and Order Granting Motion for Default Judgment and Denying Cross-Motion to Set Aside Default [Adv. Proc. No. 23-05023 ECF No. 63] (Bankr. D. Conn. Feb. 1, 2024) (the "Lamp Capital DJ Decision") at p. 22 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This "plausibility standard" is not a "probability requirement" and simply requires more than "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Determining the plausibility of a claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

9. Here, the Trustee's alter ego and equitable ownership claims against the HCHK Entities are supported by numerous well pleaded allegations. For the most part in their Opposition the HCHKV Entities simply ignore the robust factual underpinning to the Trustee's claims, even though they are discussed at length both in the Complaint and in the Motion. Memo. at ¶¶ 29-54.

10. The facts alleged in the Complaint and that exist in the record subject to judicial notice are legion. For example, among other things:

    a. It was Debtor's practice to deploy shell companies, purportedly owned by family members or business subordinates, to shield his assets and activities from creditors. Complaint at ¶¶ 16-18. These were not "blanket assertions" (Opposition at ¶ 27); rather, the Complaint details numerous examples of this conduct by the Debtor, including, among other things, Judge's Liman's findings relating to Eastern Profit. *Id.* at ¶ 18.

    b. The HCHK Entities are affiliates of the Debtor's G-Series Entities, which the Court has found were controlled by the Debtor, led by the Debtor, and/or served "the purposes of … and as business vehicles of" the Debtor, and which comprise a single enterprise controlled by the Debtor for his benefit. *Id.* at ¶¶ 27, 29.

    c. Holy City is nominally 100% owned by Yvette Wang, *id.* at ¶ 12, who was the Debtor's long-time chief of staff and more recently his criminal co-defendant, whom the Court has ruled was subject to the Debtor's control. *Id.* at ¶¶ 2, 23-24.[3]

    d. Anthony DiBattista, part owner and former agent of the HCHK Entities, is a long-standing employee of the Debtor, serving in various roles at various Debtor-controlled companies. *Id.* at ¶ 25.

    e. Key personnel of the HCHK Entities previously staffed other Debtor alter egos, *e.g.*, Golden Spring, including Max Krasner, Joe Wang, and Bernardo Enriquez. *Id.* at ¶ 26; Adv. Proc. No. 23-05018 ECF No. 35 (Golden Spring judgment).

    f. The HCHK Entities shared a common location, *i.e.*, 3 Columbus Circle in New York City, which location was used to film videos in support of the Debtor, including videos attacking the Trustee, PAX, and their counsel; produced using HCHK Technologies' equipment. *Id.* ¶ 28.

---

[3] Specifically, the Court previously determined that the Debtor exercised control over Ms. Wang in the context of the Court's ruling that the Debtor beneficially owned Ace Decade Limited. *Id.* at ¶ 21. Ms. Wang later transferred the stock of Ace Decade to an individual in Switzerland after the Court determined that the entity was beneficially owned by the Debtor. *Id.*

4

    g.    The HCHK Entities received their funding from the Debtor, including through his associates, controlled entities, and representatives. *Id.* at ¶¶ 33, 39(b), 50.

    h.    The HCHK Entities' accounting firm's internal emails confirm that the firm understood that these entities "were indirectly owned by Miles Kwok." *Id.* at ¶ 29. Documents produced by the accounting firm reflect that the role of the HCHK Entities was to serve as a "piggy bank" for the Debtor. *Id.*

    i.    HCHK Technologies funded more than $3 million dollars of expenses related to the Debtor's yachts and aircraft. *Id.* at ¶ 31. Lexington likewise paid numerous expenses for the Debtor and the Debtor's associates, including their legal fees, none of which were related to Lexington's purported business purpose. *Id.* at ¶ 32.

    j.    When asked in a deposition if he owned or controlled HCHK Technologies and HCHK Property, the Debtor invoked the Fifth Amendment. *Id.* at ¶ 40,

    k.    Affidavits filed by the Assignee Defendant in connection with the Assignment Proceedings (Exhibits 13, 17, and 18 to the Complaint, the "<u>Assignee Affidavits</u>") do not identify creditors of either HCHK Technologies or HCHK Property, but rather identify certain "Creditor Representatives," including associates of the Debtor whose protest activities on behalf of the Debtor led this Court to grant injunctive relief. *Id.* at ¶ 49. Yongbing Zhang, the Debtor's personal attorney who has been sanctioned for frivolous litigation against the Trustee, acted as the leader of these Creditor Representatives. Intervention Denial Order at pp. 13-17.

    l.    In proceedings on the Motion to Set Aside, the Moving Defendants did not dispute the Trustee's assertion that Attorney Zhang was the principal point of contact as listed in the HCHKV Entities' engagement letter with their counsel (whose name the HCHKV Entities redacted when they filed a copy of the engagement letter with the Court), and Attorney Zhang was an additional recipient of the engagement letter. Denial Order at p. 17. The Court held that the HCHKV Entities' counsel had "not sufficiently explained the Engagement Letter or Attorney Zhang's involvement in this adversary proceeding" and thereafter found that the HCHKV Entities have acted in bad faith. *Id.* at p. 19.

    m.    The Debtor employed the HCHK Entities to conceal tens of millions of dollars, much of which was spent on the Debtor's personal expenses or otherwise at his direction. The purpose of this arrangement was to shield the Debtor's assets from and thereby hinder, delay, and defraud the Debtor's creditors.

11.    These and the many other facts set forth in the Complaint and in the record of this Adversary Proceeding and the Debtor's chapter 11 case far exceed the modest "plausibility" standard to support the Trustee's alter ego claims. They establish that the Debtor (a) exercised

dominion and control over the HCHK Entities such that the entities had no independent existence from the Debtor, and further (b) that the Debtor used the HCHK Entities to perpetrate fraud and injustice. *See* Memo. at ¶¶ 66-68 (discussing two-pronged veil-piercing test under Delaware law).

12. These same facts likewise establish that the Debtor equitably owned the HCHK Entities, because he exercised authority over them "to the point of completely disregarding the corporate form and acting as though [their] assets were his alone to manage." *Freeman v. Complex Computing Co., Inc.*, 119 F.3d 1044, 1051 (2d Cir. 1997) (finding defendant an "equitable owner"); *see also* Lamp Capital MTD Denial at p. 13 ("Delaware also recognizes beneficial ownership claims." (citing Delaware authority)).

13. The HCHKV Entities contend that the Complaint does not allege that the HCHK Entities "operated as a single unit, were inadequately capitalized, disregarded corporate formalities, or were simply a façade or instrumentality for the Debtor." But the facts discussed above and otherwise in the Complaint exemplify the extent to which the Debtor and the HCHK Entities operated as a single unit (funded by the Debtor, spending for his benefit, operated by his subordinates according to his command). The operation of the HCHK Entities in this fashion (for the benefit and at the pleasure of one who was not an officer, director, or shareholder) plainly disregarded corporate formalities.[4] Thus, the HCHK Entities were the Debtor's instrumentality, and their independent corporate existence was a façade.

14. As regards undercapitalization or insolvency, while the Complaint notes the representations in the Assignment Proceedings that the HCHK Entities were insolvent, Complaint at ¶ 46, the single factor of insolvency is hardly dispositive. *See Blair v. Infineon Tech., AG*, 720

---

[4] The HCHK Entities' observance of corporate formalities is further suspect considering the shambolic, if not fraudulent, loan documentation proffered by proposed the intervenors, *see generally* Intervention Denial Order, and by the involvement of Attorney Zhang with the proposed intervenors' and the HCHKV Entities' litigation efforts in this Adversary Proceeding.

6

F. Supp.2d 462, 471 (D. Del. 2010) (the "list of factors" relevant to an alter ego determination "is not exhaustive and no single factor is dispositive"). Indeed, it would be perverse to permit the Debtor who stuffed the HCHK Entities with funds that he sought to conceal from his creditors to defend on the basis that he had thereby overcapitalized his alter egos.

### III. THE OPPOSITION MISCHARACTERIZES THE COMPLAINT

15. In addition to ignoring numerous allegations in the Complaint, the Opposition offers a portrayal of the Complaint that is inaccurate and misleading.

16. Most notably, the Opposition falsely asserts that "the Complaint alleges and admits" facts concerning the HCHK Entities' purported business operations and their assets. Opposition at ¶¶ 36-39, 50, 60-61. For this premise, the Opposition brazenly quotes and cites ***not*** to the Trustee's Complaint but rather to the Assignee Affidavits, which were exhibits to the Complaint and discussed in various of the Trustee's allegations (specifically Ex. 13, 17, and 18).[5] The Complaint itself, however, makes clear that any narrative in the Assignee Affidavits[6] that the HCHK Entities were engaged in legitimate business operations was inaccurate. Rather, as the Trustee alleged in the Complaint:

> The HCHK Entities are ***not***, as the Assignee Defendant's filings with the State Court seem to suggest, independent businesses that simply happen to have done business with entities linked to the Debtor. They are affiliates of the Debtor's G-Series Entities that, together with such entities, comprised a single enterprise controlled by the Debtor and dedicated to promoting the Debtor's interests.

---

[5] This is disguised by the Opposition's citation to ECF entry numbers (*i.e.*, Adv. ECF Nos. 1-13, 1-17, and 1-18) rather than by description of the cited documents.

[6] It is also notable that even the Assignee Affidavits themselves only assert these facts "upon information and belief" and that after the affiant (*i.e.*, the Assignee Defendant) and the Trustee discussed the claims in the Trustee's Complaint, they entered into a settlement whereunder the Assignee Defendant is not contesting the Trustee's claims.

7

Complaint at ¶ 27 (emphasis added) (citing in fn. 37 to the HCHK Technologies Assignee Affidavit at Ex. 13); *see also id.* at ¶ 51 (the Assignee Affidavits "do not present a complete picture of the nature of the HCHK Entities and their connection to the Debtor").

17. The HCHKV Entities also misconstrue the Complaint to argue that the Trustee has not adequately pleaded alter ego or beneficial ownership claims as to Holy City. As is clear from both the Complaint and the proposed judgment, the Trustee does not seek a determination that Holy City was the Debtor's alter ego or beneficially owned by the Debtor. Rather, Holy City is included as a defendant in light of its nominal equity interest in the HCHK Entities, which interest is subject to turnover upon entry of the proposed judgment.[7] *See* Motion Ex. 1 (Proposed Order); *see also* Lamp Capital MTD Denial at p. 14 (discussing analogous issue regarding Hudson Diamond Holding LLC, nominal owner of Hudson Diamond NY LLC, in rejecting motion to dismiss for failure to state a claim).[8]

### IV. THE HCHKV ENTITIES' *WAGONER* AND *IN PARI DELICTO* DOCTRINE CHALLENGES ALSO FAIL

18. Likewise, because the Trustee has standing to bring general claims of creditors at large, the HCHKV Entities efforts to invoke the *Wagoner* Doctrine and *in pari delicto* also fail. This Court has repeatedly considered and flatly rejected virtually identical arguments when asserted in other adversary proceedings related to the Debtor's chapter 11 case. *See* Lamp Capital

---

[7] The Complaint expressly seeks turnover of Holy City's equity interests in the HCHK Entities to the Trustee. Complaint at ¶¶ 73, 80, and Prayer for Relief.

[8] Facts in the Trustee's Complaint as to the Debtors' control over Yvette Wang and her nominal ownership of 100% of Holy City's equity are germane to the Debtor's ability to dominate and control the (nominally) subsidiary HCHK Entities. Moreover, for "alter ego purposes, it is not necessary under Delaware law to break down the intermediate barriers presented by an indirect relationship: a parent-subsidiary or other direct relationship is not an element of alter ego." *HK Int'l Funds. Invs. (USA) Ltd. v. Despins*, Memorandum of Decision and Order Granting Motion for Partial Summary Judgment on Second Counterclaim [Adv. Proc. No. 22-05003 ECF No. 221] (Bankr. D. Conn. May 18, 2023) at p. 24; *see also Official Comm. of Unsecured Creditors v. Reliance Capital Grp., Inc. (In re Buckhead Am. Corp.)*, 178 B.R. 956, 974–75 (D. Del. 1994) (concluding that a direct parent-subsidiary relationship is not needed under Delaware law where the two alter ego elements are present).

8

MTD Denial at pp. 5-14; Lamp Capital DJ Decision at pp. 15-22; *HK Int'l Funds. Invs. (USA) Ltd. v. Despins*, *Memorandum of Decision and Order Denying in Part Motion to Dismiss Counterclaims* [Adv. Proc. No. 22-05003 ECF No. 202] (Bankr. D. Conn. April 14, 2023).

19. In granting the Trustee's motion for default judgment against Lamp Capital and its corporate parent Infinity Treasury Management Inc., the Court explained that neither the *Wagoner* rule nor the *in pari delicto* doctrine apply to a trustee's statutory standing under Section 544 of the Bankruptcy Code, and thus "if the claims are properly brought under section 544 on behalf of creditors, *Wagoner* does not apply." Lamp Capital DJ Decision at p. 19. The Court further determined that the Trustee had standing to assert both an alter ego claim and a beneficial ownership claim standing in the shoes of a hypothetical judgment lien creditor. *Id.* at 19-22 (holding Delaware law permits creditors to reverse pierce the corporate veil and Delaware law recognizes beneficial ownership claims).

V. **THE TRUSTEE'S CLAIMS ARE NOT "INSIDER" VEIL PIERCING**

20. The HCHKV Entities assert that the Trustee's claims constitute "insider" veil piercing (*i.e.*, a claim by a corporate insider seeking to pierce the veil for their own benefit), which they contend "has not yet been 'endorsed'" by Delaware law (while offering no authority to reflect that Delaware law proscribes such a claim). Opposition at ¶ 82.

21. This issue is a red herring, because—as discussed above and by the Court in the Lamp Capital DJ Decision and elsewhere—the Trustee may stand in the shoes of creditors under section 544(b) to assert alter ego claims under Delaware law. *See also* Complaint at ¶ 68 (alter ego claim seeking relief under, among other things, section 544 of the Bankruptcy Code). Thus, the Trustee's alter ego claim is not an insider claim.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]

WHEREFORE, for the foregoing reasons, and as set forth in the Motion and the Memorandum, the Court should grant the Motion, enter the Proposed Judgment in favor of the Trustee, and grant such other and further relief as is just and proper.

Dated: April 12, 2024　　　　　　　　　　　LUC A. DESPINS,
　　　　New Haven, Connecticut　　　　　　CHAPTER 11 TRUSTEE

By: /s/ Patrick R. Linsey
　　Patrick R. Linsey (ct29437)
　　NEUBERT, PEPE & MONTEITH, P.C.
　　195 Church Street, 13th Floor.
　　New Haven, Connecticut 06510
　　(203) 781-2847
　　plinsey@npmlaw.com

　　　　and

　　Nicholas A. Bassett (admitted *pro hac vice*)
　　PAUL HASTINGS LLP
　　2050 M Street NW
　　Washington, D.C., 20036
　　(202) 551-1902
　　nicholasbassett@paulhastings.com

　　　　and

　　Douglass Barron (admitted *pro hac vice*)
　　PAUL HASTINGS LLP
　　200 Park Avenue
　　New York, New York 10166
　　(212) 318-6690
　　douglassbarron@paulhastings.com

　　*Counsel for the Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| HO WAN KWOK, *et al.*,[9] | : | Case No. 22-50073 (JAM) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

---

| | | |
|---|---|---|
| LUC A. DESPINS, CHAPTER 11 TRUSTEE, | : | |
| | : | Adv. Proceeding No. 23-05013 |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| HCHK TECHNOLOGIES, INC., HCHK PROPERTY MANAGEMENT, INC., LEXINGTON PROPERTY AND STAFFING, INC., HOLY CITY HONG KONG VENTURES, LTD., ANTHONY DIBATTISTA, YVETTE WANG, and BRIAN HOFMEISTER, in his capacity as Assignee | : | |
| Defendants. | : | |

---

## CERTIFICATE OF SERVICE

On the date hereof, the foregoing was filed using the Court's case management/electronic case files system ("CM/ECF"). Notice of the foregoing was sent automatically via email to all parties appearing in the above-captioned adversary proceeding by operation of CM/ECF and the foregoing may be accessed by CM/ECF.

---

[9] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

In addition, on or before April 15, 2024, copies of the foregoing shall be sent to non-appearing defendants Anthony DiBattista and Yvette Wang via first-class U.S. Mail and via email to counsel for such non-appearing defendants, as set forth below:

Yanping Wang (Register No. 49116-510)
MDC Brooklyn Metropolitan Detention Center
P.O. Box 329002
Brooklyn, NY 11232
(Marked "LEGAL MAIL")

Cooper Macco: cmacco@maccolaw.com
Counsel to Yvette Wang in Chapter 11 Case of Ho Wan Kwok

Carl Gulliver: carlgulliver@cgulliverlaw.com
Connecticut counsel to Yvette Wang in Chapter 11 Case of Ho Wan Kwok

Anthony DiBattista
45 Park Hill Dr.
Hopewell Junction, NY 12533

Jeremy Temkin: jtemkin@maglaw.com
Counsel to Anthony DiBattista

Dated: April 12, 2024
New Haven, Connecticut

LUC A. DESPINS,
CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor.
New Haven, Connecticut 06510
(203) 781-2847
plinsey@npmlaw.com

*Counsel for the Chapter 11 Trustee*