**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HO WAN KWOK, *et al.*, | ) | Case No. 22-50073 (JAM) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, | ) | Adv. P. No. 23-05013 (JAM) |
| | ) | |
| | ) | Re: ECF Nos. 268, 290 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HCHK TECHNOLOGIES, INC., HCHK PROPERTY MANAGEMENT, INC., LEXINGTON PROPERTY AND STAFFING, INC., HOLY CITY HONG KONG VENTURES, LTD., ANTHONY DIBATTISTA, YVETTE WANG, and BRIAN W. HOFMEISTER, ASSIGNEE FOR THE BENEFIT OF CREDITORS, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED DEFAULT JUDGMENT AND PERMANENT INJUNCTION

Upon the motion (the "Motion") [Adv. ECF No. 268] of Luc A. Despins, as Chapter 11

Trustee (the "Trustee") for the estate of Ho Wan Kwok (the "Debtor"), pursuant to Rule 55 of

the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable to this adversary

proceeding under Rules 7001 and 7055 of the Federal Rules of Bankruptcy Procedure (the

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

"Bankruptcy Rules"), for entry of default judgment against defendants HCHK Technologies, Inc. ("HCHK Technologies"), HCHK Property Management, Inc. ("HCHK Property"), Lexington Property and Staffing, Inc. ("Lexington," and together with HCHK Technologies and HCHK Property, the "HCHK Entities"), Holy City Hong Kong Ventures, Ltd. ("Holy City", and together with the HCHK Entities, the "HCHKV Entities"), Anthony DiBattista ("DiBattista"), Yvette Wang ("Wang"), and Brian Hofmeister, in his capacity as Assignee of the HCHK Entities (the "Assignee Defendant" and, collectively with the HCHKV Entities, DiBattista and Wang, the "Defendants"); and

The Court having considered the Motion and all exhibits and documents attached to the Motion, including, without limitation, the Trustee's Memorandum of Law filed in support of the Motion (the "Memorandum of Law") [Adv. ECF No. 268-1], and the Declaration of Patrick Linsey (the "Linsey Declaration") [Adv. ECF No. 269] and all exhibits thereto, including without limitation the Trustee's Adversary Complaint (the "Complaint") [Adv. ECF No. 1] and all exhibits thereto; and

The Court having held a hearing on the Motion on April 23, 2024 (the "Hearing"); and the Court having considered the reasons set forth on the record at the Hearing; and

The Court having found, as more fully set forth in the Court's *Memorandum of Decision and Order Granting Motion for Default Judgment* (the "Decision") [Adv. ECF No. 290] entered on June 14, 2024, that: (a) the Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; (b) consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (d) due and sufficient notice of the Motion has been given under the particular circumstances and it appearing that no other or further notice need be given; (e)

2

service of the Motion was proper under Civil Rules 4 and 5 as made applicable by Bankruptcy Rules 7004 and 7005 and the Defendants were properly served with copies of the Complaint and Summons [Adv. ECF No. 23] under Bankruptcy Rules 7004 and 7005 and the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; (f) the defaults which entered against the Defendants under Civil Rule 55 made applicable in this adversary proceeding by Bankruptcy Rule 7055 have resulted in the Defendants admitting all of the well-pleaded allegations in the Complaint; and (g) the well-pleaded allegations set forth in the Complaint meet the elements of the causes of action on which the Court enters judgment, and the Motion and its supporting materials establish just cause for the relief granted herein, and the Motion has satisfied all applicable legal and factual burdens; and

The Court having previously entered a temporary restraining order (the "TRO") [Adv. ECF No. 18], which was extended with consent against all Defendants except Holy City and Wang [Adv. ECF No. 27], and determined, as set forth in the Decision, that upon default judgment, a permanent injunction shall issue because the Trustee has succeeded on the merits and absent a permanent injunction would likely suffer irreparable harm; and

After due deliberation and the Hearing held on April 23, 2024, considering the foregoing, and for the reasons set forth in the Decision, pursuant to Civil Rules 55 and 58, made applicable by Bankruptcy Rules 7055 and 7058, Default Judgment enters against the Defendants and, in compliance with the content requirements of Civil Rule 65(d) made applicable by Bankruptcy Rule 7065, a Permanent Injunction issues against the Defendants as set forth below. *See City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137, 143–44 (2d Cir. 2011); *Roach v. Morse*, 440 F.3d 53, 56 (2d Cir. 2006). Accordingly, it is hereby ORDERED AND DECREED THAT:

3

1.  Judgment is hereby **ENTERED** in favor of the Trustee and against the Defendants on the First, Second and Third Claims of the Complaint.

2.  With respect to the First Claim of the Complaint, pursuant to sections 362, 541, 542, and 544 of Title 11 of the United States Code (the "Bankruptcy Code"):

a.  at all times the HCHK Entities were alter egos of the Debtor;

b.  any and all of the assets (including, without limitation, all property, rights, interests, and privileges) (the "Assets") of the HCHK Entities at any time prior to February 15, 2022, the date of the filing of the Debtor's chapter 11 petition (the "Petition Date"), constituted property of the Debtor;

c.  any and all of the Assets of the HCHK Entities at any time from the Petition Date to the present, including the HCHK Entities' cash in excess of $35 million, constituted and constitute, as applicable, property of the Debtor's chapter 11 estate (the "Estate");

d.  the Deeds of Assignment (as defined in the Memorandum of Law), and the purported assignments of Assets pursuant thereto, are null and void; and

e.  any and all of the Assets of the HCHK Entities, by whomever held, including documents of the HCHK Entities held by counsel, shall be immediately turned over and/or surrendered to the Trustee.

3.  With respect to the Second Claim of the Complaint, pursuant to sections 362, 541, 542, and 544 of the Bankruptcy Code:

a.  the ownership interests in the HCHK Entities are property of the Estate and shall be turned over and/or surrendered to the Trustee; and

b.  the Deeds of Assignment (as defined in the Memorandum of Law) and the purported assignments of Assets pursuant thereto are null and void.

4.  With respect to the Third Claim of the Complaint, pursuant to sections 105, 362, 363, and 549 of the Bankruptcy Code and Civil Rule 65, made applicable by Bankruptcy Rule 7065, it is hereby ORDERED AND DECREED THAT:

a.  the Defendants and any party acting in concert with them are hereby permanently enjoined from commencing or continuing the Assignment Proceedings (as defined in the Memorandum of Law) or any other judicial, administrative, or other actions or proceedings with respect to the HCHK Entities and/or their Assets;

b.  the Defendants and any party acting in concert with them are hereby permanently enjoined from transferring or using the Assets, including cash, of the HCHK Entities (including but not limited to such Assets purportedly transferred to the Assignee Defendant and/or held by the Assignee Defendant), or ownership interests in the HCHK Entities, except as authorized or directed by the Trustee or this Court, and

c.  the Defendants are hereby directed to immediately notify the New York State Court (as defined in the Memorandum of Law) of this permanent injunction.

5.  Notwithstanding the provisions of this Order, including the nullification of the Deeds of Assignment and the assignment of assets as set forth in paragraphs 2.d. and 3.b. above, all operative provisions of the Order Approving, Pursuant to Bankruptcy Rule 9019, Chapter 11 Trustee's Settlement with Assignee of HCHK Entities Under New York Court Assignment Proceedings (the "9019 Order") [Adv. ECF. No. 70] shall remain in full force and effect, including those provisions in paragraph 11 of the 9019 Order with respect to the settlement payment payable to the assignee and his professionals.

5

6. Pursuant to agreement, the Trustee shall not use or seek to use this Order against DiBattista in any other proceedings, and will not argue that DiBattista is precluded from disputing any allegations in such other proceedings by virtue of his failure to appear in this action.

7. The Trustee is authorized to take all actions necessary or appropriate to effectuate this Judgment.

8. This Judgment is effective immediately, and no stay pursuant to Bankruptcy Rule 7062 shall be effective, and the Court hereby waives any limitations set forth in Bankruptcy Rule 7062 on the Trustee's ability to enforce this judgment upon its entry.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Judgment.

Dated at Bridgeport, Connecticut this 24th day of June, 2024.

Julie A. Manning
United States Bankruptcy Judge
District of Connecticut